NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0265n.06

No. 20-5157

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="9"></td></tr>
<tr><td style="padding-left:2em">Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>ANDRE D. ROSS,</td><td>)</td></tr>
<tr><td style="padding-left:2em">Defendant-Appellant.</td><td>)</td></tr>
</table>

FILED
Jun 02, 2021
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF TENNESSEE

BEFORE: GIBBONS, KETHLEDGE, and MURPHY, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. In a two-paragraph order, the district court denied Andre Ross's motion for a sentence reduction pursuant to the First Step Act. Since the district court's decision, we have issued numerous opinions clarifying the factors that district courts may (and in some cases must) consider when deciding whether to grant a motion for a sentence reduction. Because the district court's order may have been tainted by legal errors that our more recent cases have identified, we vacate the order so that the court may reconsider Ross's motion in light of our current standards.

In 2009, Ross pled guilty to possession with intent to distribute five grams or more of cocaine base. The guidelines range at sentencing was 262 to 327 months, which accounted for the amount of crack cocaine involved in the offense (21.2 grams), as well as Ross's criminal history score (VI), status as a career offender, and acceptance of responsibility. Ross argued that the court should vary downward from that range because: (1) the then-existing disparity between the guidelines ranges for crack and powder cocaine was racially discriminatory, and (2) the career

offender guidelines had a racially disparate impact and were not tethered to an actual need for deterrence. Persuaded that the crack versus powder cocaine guidelines created an unwarranted disparity, the district court decided to sentence Ross as if the cocaine involved in the offense were powder, which would have resulted in a guidelines range of 188 to 235 months. After considering mitigating and aggravating evidence, the court settled on a 240-month sentence, which was a downward variance from the actual guidelines range and a slight upward variance from the powder cocaine range. The court repeatedly emphasized that its decision was largely driven by Ross's "extensive" criminal history.

Just under a decade after Ross was sentenced, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, § 404(a)-(b), 132 Stat. 5194, 5222 (2018). The Act permits district courts to reduce the sentences of defendants convicted of certain drug offenses before the Fair Sentencing Act was enacted in 2010. *Id.* Ross moved for a sentence reduction pursuant to the First Step Act, arguing that the court should exercise its discretion to reduce his sentence to: (1) apply a similar downward variance as the one applied at his original sentencing, (2) avoid unwarranted sentencing disparities, and (3) account for his significant post-sentencing rehabilitative conduct (such as working a number of jobs, obtaining a GED, and completing drug education classes). The district court denied Ross's request in January 2020 because "[t]he Motion to Reduce . . . presents no reason to disturb [the] sentence." (DE 115, Order, PageID 395.)

We review the district court's decision for abuse of discretion. *United States v. Boulding*, 960 F.3d 774, 778 (6th Cir. 2020). A district court abuses its discretion when it relies on an erroneous legal standard. *See, e.g.*, *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020); *United States v. Martin*, 817 F. App'x 180, 184 (6th Cir. 2020).

In this case, the district court abused its discretion because its decision may rest on a legal error. *Cf. United States v. Hampton*, 985 F.3d 530, 533 (6th Cir. 2021). The district court's stated reason for denying Ross's motion was that "[t]he Motion to Reduce . . . presents no reason to disturb [the] sentence." (DE 115, Order, PageID 395.) That single, conclusory statement does not tell us whether the court considered Ross's arguments or why it may have rejected them. Although cursory orders may sometimes be sufficient, *see, e.g.*, *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018), since the district court issued its order, we have provided significant guidance on how a court should consider a First Step Act motion. We indicated, for example, that a court should engage in "thorough renewed consideration of the § 3553(a) factors." *Boulding*, 960 F.3d at 784. We also stated that a court may consider a defendant's post-sentencing rehabilitation efforts while in prison, reversing a district court that held that it lacked the authority to do so. *See United States v. Allen*, 956 F.3d 355 (6th Cir. 2020).

The district court's order does not give us confidence that its decision was consistent with this recent guidance. For example, although the court referenced its prior balancing of the § 3553(a) factors at the original sentencing, it made no mention of engaging in a renewed consideration of those factors—as our cases now require. *See Boulding*, 960 F.3d at 784. Likewise, the district court's order leaves unclear whether it considered Ross's post-sentencing conduct when deciding the motion. *See Allen*, 956 F.3d at 357.

Given the lack of clarity in both the order and the law at the time of the district court's decision, the government's reliance on *United States v. Smith*, 958 F.3d 494 (6th Cir. 2020), is misplaced. In *Smith*, we affirmed a district court's issuance of a form order that said only that the district court had "considered the motion and [taken] into account the § 3553(a) factors to the extent applicable." *Id.* at 501. Although that statement provides little substantive information,

"[t]here was not anything more the district court needed to say to impose a sentence at the bottom of the Guidelines, with the benefit of the earlier sentencing transcript, and presented with no new mitigation arguments." *Id.* Here, the district court did not even make a conclusory statement that it had taken the § 3553(a) factors into account. And the court retained an upward variance in the face of new rehabilitation arguments, not "a sentence at the bottom of the Guidelines" in the face of no new arguments. The fact that the district court did not reference Ross's arguments is particularly concerning because we have no way of knowing whether the court recognized that it had the ability to consider those arguments as a basis for reducing Ross's sentence.

In sum, we are unable to glean from the district court's order whether the court committed legal error by failing to consider the § 3553(a) factors and Ross's post-sentencing rehabilitation efforts. *See Hampton*, 985 F.3d at 533. Therefore, we vacate the district court's order and remand for further proceedings consistent with this opinion.